IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 10-cv-02270-PAB

JEFFREY ELKINS,

      Applicant,

v.

ERIC FRANKLIN, Warden, Lexington Assessment Correctional Center,
COLORADO DEPT. [OF] CORRECTIONS, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER TO DISMISS IN PART

---

Applicant Jeffrey Elkins is a prisoner in the custody of the Oklahoma Department of Corrections (ODOC) and is currently incarcerated at the Lexington Assessment and Reception Center in Lexington, Oklahoma.  Mr. Elkins initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on August 23, 2010.  Mr. Elkins is challenging the validity of his conviction and sentence in Case No. 03CR984 in the District Court for the City and County of Denver, Colorado.

In an order filed on September 30, 2010, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses.  Respondents submitted a pre-answer response on October 21,

2010.  After receiving an extension of time, Mr. Elkins filed a Reply on December 20, 2010.

The Court must construe liberally the Application filed by Mr. Elkins because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, the Application will be dismissed in part.

## I.  Background and State Court Proceedings

On April 7, 2004, a jury found Mr. Elkins guilty of possession with intent to distribute a controlled substance and possession of a controlled substance.  Pre-Answer Resp. at Ex. A, p. 10.  The trial court found Mr. Elkins to be a habitual criminal, and he was sentenced to a term of 48 years in the custody of the Colorado Department of Corrections.  Mr. Elkins filed a direct appeal to the Colorado Court of Appeals, and the appellate court affirmed in part, vacated in part, and remanded to the trial court on November 2, 2006.  *See People v. Elkins*, No. 04CA1179 (Colo. App. Nov. 2, 2006) (unpublished opinion) (Pre-Answer Resp. at Ex. D).  The Colorado Supreme Court denied certiorari review on May 29, 2007.  Pre-Answer Resp. at Ex. F.

On March 10, 2008, Mr. Elkins filed a motion for post-conviction relief pursuant to Colorado Rule of Criminal Procedure 35(c), which the trial court denied on April 29, 2008.  Pre-Answer Resp. at Ex. M, p. 8.  Mr. Elkins filed an appeal and the Colorado Court of Appeals affirmed the trial court on July 16, 2009.  *See People v. Elkins*, No. 08CA1165 (Colo. App. July 16, 2009) (unpublished opinion) (Pre-Answer Resp. at Ex.

J).  The Colorado Supreme Court denied certiorari review on April 5, 2010.  Pre-Answer

Resp. at Ex. L.

Mr. Elkins then filed the Application before the Court, which was received on

September 7, 2010.

In the Application, Mr. Elkins asserts three claims for relief:

> (1) He received ineffective assistance of trial counsel
> because his attorney abandoned him during a critical point
> in his trial testimony.
>
> (2) The trial court lacked jurisdiction to try him because the
> charging information was insufficient;
>
> (3) Mr. Elkins was denied due process because the jury was
> not required to unanimously agree upon which of the two
> alleged quantities of drugs Mr. Elkins possessed for each
> count.

Respondents concede, and the Court agrees, that the action is timely pursuant

to 28 U.S.C. § 2244(d)(1).  However, Respondents argue that Claims Two and Three

are unexhausted and are now procedurally defaulted.  In his Reply, Mr. Elkins asserts

that his claims have been fully exhausted in the state courts and are now properly

before this Court.

## II.  Exhaustion and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus

may not be granted unless it appears that the applicant has exhausted state remedies

or that no adequate state remedies are available or effective to protect the applicant's

rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State*

*Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is

3

satisfied once the federal claim has been presented fairly to the state courts.  *See Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack."  *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).  Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts."  *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam).  A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

"Generally speaking, [the Court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice."  *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007)

(citation omitted).  Mr. Elkins' *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Ineffective assistance of counsel may establish cause excusing a procedural default.  *Jackson v. Shanks*, 143 F.3d 1313, 1319 (10th Cir. 1998).  An applicant, however, must show "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule" and have "presented to the state courts as an independent claim before it may be used to establish cause for a procedural default."  *Murray v. Carrier*, 477 U.S. 478, 488-89 (1986).  A showing of a probability of actual innocence is required to meet the fundamental miscarriage of justice exception.  *See Bousley v. United States*, 523 U.S. 614, 622 (1998).

Respondents argue that Claims Two and Three are unexhausted because Mr. Elkins relied only on Colorado case law when he presented these claims to the state courts.  Pre-Answer Resp. at 10-13.  Respondents therefore argue that Mr. Elkins failed to present these claims to the state courts as asserting a federal constitutional question. *Id.*  Respondents conclude that the claims now are procedurally barred because, under Colo. R. Crim. P. 35(c)(3)(VI) & (VII), the claims would be rejected as successive and an abuse of the process.  *Id.*

Upon review of Mr. Elkins' opening brief on post-conviction appeal, the Court finds that his presentation of Claim Two (insufficiency of charging document) does not satisfy the fair presentation requirement for the simple reason that he failed to connect this issue to any claim under federal law.  *See* Pre-Answer Resp. at Ex. G, p. 7.  Mr.

Elkins did not cite to any provision of the federal Constitution or any federal law, and he did not label the claim as "federal" claim. *See Baldwin v. Reese*, 541 U.S. 27, 32-33 (2004). Mr. Elkins therefore failed to set forth any argument which would have alerted the state appellate court to particularized claims of violations of his federal constitution rights. Although Mr. Elkins made a brief reference to a United States Supreme Court case in his reply brief, this is not sufficient to exhaust his claim. Moreover, pursuant to Colorado appellate procedure, arguments presented for the first time in a reply brief will not be considered. *See People v. Czemerynski*, 786 P.2d 1100, 1107 (Colo. 1990); *accord People v. Salinas*, 55 P.3d 268, 270 (Colo. Ct. App. 2002) (refusing to consider issue not raised until reply brief). Therefore, this federal issue was not fairly presented to the state courts because Mr. Elkins did not present his federal claim in a procedurally proper manner. *See Baldwin*, 541 U.S. at 31 (indicating that issue is not "'fairly present[ed]'" to state court if consideration of the issue "would force state appellate judges to alter their ordinary review practices"). The Court finds that Mr. Elkins failed to exhaust state court remedies for his second claim.

With respect to Mr. Elkins' third claim (lack of jury unanimity as to drug quantities), the Court has reviewed his opening brief on direct appeal and finds that Mr. Elkins again failed to satisfy the fair presentation requirement for this claim. Although Mr. Elkins cited briefly to Amendments VI and XIV of the United States Constitution for the proposition that a jury's verdict must be unanimous, he failed to cite to any United States Supreme Court authority and he failed to label the claim a federal one. *See* Pre-Answer Resp. at Ex. A, p. 39-43. Instead, Mr. Elkins relied only on Colorado state case

6

law in developing his argument that the jury's verdict must be unanimous.  *Id.*  In order

to allow the state courts the opportunity to act on or correct the constitutional violations,

Mr. Elkins must do more than make a passing reference to something that could be

interpreted to raise a constitutional claim.  Instead, he must provide a legal theory

explaining how the decisions of the state court violated the particular federal

constitutional rights he claims were violated.  *See, e.g., Anderson*, 459 U.S. at 78 (claim

on direct appeal that jury instruction was reversible error did not fairly present due

process challenge to instruction for habeas exhaustion purposes); *Picard*, 404 U.S. at

276-77 (holding that habeas petitioner failed to fairly present federal claim to state court

where, despite presenting all necessary facts, petitioner failed to assert specific

argument that he later tried to raise in federal court); *see also Thomas v. Gibson*, 218

F.3d 1213, 1221 n. 6 (10th Cir. 2000) (holding that petitioner's general state court claim

was insufficient to exhaust his later, more specific federal habeas claim).  Accordingly,

the Court finds that Mr. Elkins has failed to exhaust states court remedies for his third

claim.

      Moreover, with limited exceptions that are not applicable to these claims, the

Colorado Rules of Criminal Procedure bar Mr. Elkins from raising a claim in a post-

conviction motion that could have been raised on direct appeal or that was already

raised on post-conviction appeal.  *See* Colo. R. Crim. P. 35(c)(3)(VI) ("The court shall

deny any claim that was raised and resolved in a prior appeal or postconviction

proceeding on behalf of the same defendant"); Colo. R. Crim. P. 35(c)(3)(VII) ("The

court shall deny any claim that could have been presented in an appeal previously

brought or postconviction proceeding previously brought"); *see also People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982) (stating that post-conviction review is not available to address, under a recently contrived constitutional theory, issues that were raised previously).   Therefore, the Court finds that Mr. Elkins has procedurally defaulted Claims Two and Three.

Mr. Elkins also has failed to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that the failure to consider his claim will result in a fundamental miscarriage of justice.   Claims Two and Three, therefore, are procedurally barred from federal habeas review and must be dismissed. Accordingly, it is

ORDERED that Claims Two and Three are dismissed as procedurally barred.   It is

FURTHER ORDERED that within thirty days Respondents are directed to file an answer in compliance with Rule 5 of the Rules Governing Section 2254 Cases that fully addresses the merits of exhausted Claim One.   It is

FURTHER ORDERED that within thirty days of the filing of the answer Applicant may file a reply, if he desires.


DATED March 2, 2011.

                                                BY THE COURT:


                                                 s/Philip A. Brimmer
                                                PHILIP A. BRIMMER
                                                United States District Judge